MONMOUTH COUNTY PUBLISHING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. COUNTY OF MONMOUTH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided March 7, 1938.

For the motion, *Snyder, Roberts & Pillsbury.*

Opposed, *Thomas P. McKenna.*

LAWRENCE, S. C. C.   The complaint in this suit alleges legal liability of defendant county for the failure of a sheriff of the county to pay plaintiff, during the years 1930, 1931 and 1932, $1,053.50, for printing, publishing and circulating in and through the medium of its newspaper, *The Daily Record,* at Long Branch, the advertisements of certain sheriff's sales listed in the bill of particulars attached. These sales, it alleges, were so advertised at the special instance

and request of defendant, through and under instructions of the sheriff in question who was acting under and by virtue of his office and in accordance with his duties as required by law, thus making him, so it is asserted, the duly authorized agent and representative of defendant. Because plaintiff was not paid for its service in so advertising the sales indicated, recovery is sought of the county on the theory pleaded as stated.

The sales so advertised admittedly were officially made by the sheriff as required and directed under various executions issued out of the Court of Chancery or courts of law of the state. It was he who caused the sales to be advertised in newspapers of the county, including that of plaintiff, as an essential statutory duty and as a preliminary to a legal sale of the property involved following levy of execution. Plaintiff rendered bills to him from time to time at the rate allowed by law. He failed to pay them and, his term of office having expired, it is sought in the present suit to fix liability on the county and so recover for his default. There is nothing in the complaint to indicate that the service had been provided on the credit of the county or that any of the bills had been submitted to it for payment at the time.

Liability appears to be predicated on chapter 53 of the session laws of 1906, page 76 (4 *Comp. Stat.* 1910, *p.* 4643, §§ 38, 39; (*Rev. Stat.* 1937, 22:4-17), which provides that fees, costs, allowances, percentages and all other perquisites of whatever kind which by law a sheriff is entitled to charge and receive for official acts or services rendered shall be for the use of the county, accounted for as public moneys belonging to the county and paid over as required by the act. It seems accordingly to be assumed that the sheriff collected the advertising costs from the parties interested in having the sales in question made as the agent or representative of the county and to have turned them over to it in his periodic accounting under the statute, or should have done so as fees or costs belonging to the county for which he was required to account. There is, however, no specific assertion in the complaint that he actually did so. But it is alleged that the

county became primarily liable to plaintiff publishing company through the supposed agency of the sheriff in incurring the indebtedness. In addition to the principal count to which reference has been made, the complaint also carries the common counts, including that for money had and received in the amount sought to be recovered for the use of the plaintiff.

Defendant moves to strike the complaint on the ground that no cause of action is stated against it, in that (1) there was no liability on the part of the county to pay the particular indebtedness incurred by the sheriff; and (2) the services allegedly performed as stated in the complaint were not rendered at or by the request of the county and there is legally no duty to pay for them so far as it is concerned.

As to the first count in the complaint it does appear that it does not set forth a cause of action against defendant and it is apparent that it should be stricken. Under the act of 1906, by which the long standing fee system of compensating sheriffs—and other county officers—was abolished and annual salaries substituted, the cost of advertising sales of property by virtue of levies made under executions issued and directed to them by the courts of law or equity is clearly not within the category of costs or fees for which a sheriff is required to account to the county, and it will not be presumed that the printer's fee has been collected by him and turned over to the county for the purpose of payment. He was not required to do so, because it was not a fee to which the county was entitled as a part of the revenue of the office. That contemplated by the act of 1906 for which a sheriff was thereafter required to account for and turn over to the county was manifestly that which theretofore he retained as his own in compensation for duties performed or services rendered for which, under the law as it then was, he was entitled to charge a fee. The acts relating to fees and costs of the period and since indicate what such fees were and are. Moneys received by a sheriff to defray the cost of advertising in a newspaper a sale of property under an execution issued by a court do not belong to him. He merely becomes the medium of payment and personally liable if he does not. In such case, it

may be said that his bondsmen may be called upon to pay, although it is not necessary to consider that question here.

While in the present suit it may be assumed that the sheriff became personally liable to plaintiff for the fees in question because he incurred the indebtedness and on the further assumption that he either collected them of the parties directly interested in having the sales made or deducted them from the proceeds of sale, it is sufficient to say that he was not the agent of the county in causing the advertisements of such sales in plaintiff's newspaper. The county in fact obviously had nothing to do with them, nor had it any control over the sheriff in the performance of such duties as had been imposed upon him by law in that respect. The office is recognized as entirely independent of such control and while the county is interested in securing a proper audit of the accounts filed with it by the sheriff to the end that it may receive the revenue to which it is entitled under the law, it has no other interest in its administrative duties or services rendered to the public, nor are such duties performed or services rendered in its behalf. *Daly* v. *Ely,* 53 *N. J. Eq.* 270; 31 *Atl. Rep.* 396. If any agency existed in the present case, it was between the sheriff and the courts out of which the executions issued or the parties causing them to be issued and the sales involved made.

While the first count in the complaint is to be struck out, technically the common counts, although evidently based on the facts set forth in that count, may not be on the present motion. On the argument no affidavits were presented by either side, nor was it rested in behalf of defendant on the theory that the pleading as a whole was sham which would have required supporting affidavits. The sole point made was that the complaint did not set forth a cause of action against the county as attempted to be set forth in count one. The common counts, of course, do set forth a cause of action, even though plaintiff may have no adequate evidence to support them at a trial. A rule may be submitted directing that the first count in the complaint be stricken and denying the motion as to the remainder.